UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21cr0951-GPC |
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| JULIO FRANCO-FLORES, | |
| Defendant. | |

WHEREAS, in the Information filed in this case, the United States sought forfeiture of all firearms and ammunition involved in the commission of the offense charged in Count 1 of the Information pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), in violation of 18 U.S.C. § 922(g)(5); and

WHEREAS, on or about June 14, 2021, the Defendant, JULIO FRANCO-FLORES ("Defendant"), entered a guilty plea before Magistrate Judge William V. Gallo in open court to Count 1 of the Information.  The plea was entered without any written plea agreement; and

WHEREAS, at the change of plea hearing on June 14, 2021, the Defendant admitted to having knowingly possessed a Röhm Gesellschaft, RG 23, .22 caliber pistol, SN:293927; and approximately six (6) .22 caliber cartridges, which were shipped or transported between a foreign nation and the United States, and was not manufactured in California. The Defendant further admitted that at the time he possessed the Röhm Gesellschaft, RG

23, .22 caliber pistol, SN:293927 and approximately six (6) .22 caliber cartridges, he was an alien who was illegally and unlawfully in the United States.  As a result of the factual admissions and the guilty plea to Count 1 of the Information, the United States is entitled to possession of all properties seized from the Defendant, including all firearms and ammunition, that were involved in the commission of the offense set forth in Count 1 of the Information, in violation of 18 U.S.C. § 922(g)(5), and forfeitable pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), including the Röhm Gesellschaft, RG 23, .22 caliber pistol, SN:293927; and approximately six (6) .22 caliber cartridges; and

WHEREAS, on June 28, 2021, this Court accepted Defendant's guilty plea to the Information; and

WHEREAS, by virtue of the facts admitted by Defendant in the plea, the requisite nexus between the Röhm Gesellschaft, RG 23, .22 caliber pistol, SN:293927; and approximately six (6) .22 caliber cartridges, and the offense of conviction has been established; and

WHEREAS, by virtue of Defendant's factual admissions and guilty plea to Count 1 of the Information, the Röhm Gesellschaft, RG 23, .22 caliber pistol, SN:293927; and approximately six (6) .22 caliber cartridges, are hereby ordered forfeited to the United States, and it is now entitled to possession of said properties, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the following properties which are hereby found forfeitable by the Court, namely: a Röhm Gesellschaft, RG 23, .22 caliber pistol, SN:293927; and approximately six (6) .22 caliber cartridges; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record to review, and no objections having been received.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the factual admissions of the Defendant and his guilty plea to Count 1 of the Information, the United States is hereby authorized to take custody and

control of the following properties, and the Defendant has hereby forfeited to the United States all of his right, title, and interest to said properties pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n): a Röhm Gesellschaft, RG 23, .22 caliber pistol, SN:293927; and approximately six (6) .22 caliber cartridges.

      2.      The aforementioned forfeited assets are to be held by the U.S. Customs and Border Protection ("CBP") in its secure custody and control.

      3.      Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

      4.      Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

      5.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the forfeited properties.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Criminal Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Criminal Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

Dated: October 27, 2021

Hon. Gonzalo P. Curiel
United States District Judge